IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT MEDFORD,

                                    Petitioner,                           OPINION and ORDER

        v.                                                                        24-cv-418-jdp

WARDEN EMMERICH,

                                    Respondent.

Scott Medford, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. When the petition was filed, Medford had a projected release date of October 28, 2024. Dkt. 2 at 1. Medford alleges that he's entitled to 93 days of presentence credit under 18 U.S.C. § 3585(b) that would change that projected release date to July 26, 2024. *Id.* at 4. Respondent concedes that, when the petition was filed, Medford hadn't received 48 days of presentence credit that he was entitled to, and he notes that Medford's projected release date has been changed to September 10, 2024, to correct that error. Dkt. 10 at 10; Dkt. 12 ¶ 14. Respondent contends that Medford hasn't otherwise shown a violation of § 3585(b). The Bureau of Prisons has corrected its failure to give Medford all the presentence credit that he was entitled to, and respondent has shown that Medford wasn't entitled to any further presentence credit. I will deny the petition.

I begin with some background. Medford's supervised release was revoked in *United States v. Medford*, 12-cr-30089 (S.D. Ill. 2012). Dkt. 12-2 at 2. The Southern District of Illinois sentenced Medford to 18 months in prison, to be served concurrently to a sentence for a conviction in St. Clair County, Illinois that he was already serving. *See id.* at 4. The Southern District of Illinois also imposed a two-year term of supervised release. *Id.* at 5. Medford started

serving that two-year term in January 2022, when the Illinois Department of Corrections released him from its custody.

On February 13, 2023, Missouri authorities arrested Medford for larceny and released him the next day. Dkt. 12 ¶ 4. On July 29, 2023, Illinois authorities arrested Medford for possession of methamphetamine. *Id.* ¶ 5; Monroe County (Ill.) Circuit Court Case No. 2023-CF-183. On September 13, 2023, Medford was released in the '183 case to the exclusive custody of the U.S. Marshals Service. Dkt. 12 ¶ 6. On October 31, 2023, the Southern District of Illinois revoked Medford's supervised release and sentenced him to 12 months in prison, to be served concurrently to any sentence in the '183 case. Dkt. 12-10 at 4. On November 14, 2023, a two-year sentence was imposed in the '183 case, with only 50 percent of it to be served pursuant to 730 Ill. Comp. Stat. 5/3-6-3. Dkt. 12-11 at 2. Medford received credit for time served from the date on which Illinois authorities arrested him (July 29, 2023) to the date of sentencing in the '183 case. *See id.*; Dkt. 12 ¶ 8.

The Bureau of Prisons must credit a prisoner for time spent in official detention before the start of his federal sentence if that time hasn't "been credited against another sentence." 18 U.S.C. § 3585(b); *see Blalock v. Holinka*, No. 10-cv-174-slc, 2010 WL 2218190, at *4 (W.D. Wis. June 1, 2010). Respondent says that, in reviewing Medford's file, BOP officials discovered 48 days of presentence credit that he hadn't received before that review. Dkt. 12 ¶ 14. Those days correspond to the date on which Medford was released to the U.S. Marshal (September 13, 2023) and the date on which the Southern District of Illinois revoked his supervised release (October 31, 2023). *Id.* Because the BOP has now credited Medford with this time, any challenge to the BOP's initial failure to give him this presentence credit is moot.

Medford seeks further credit for time that he spent in presentence detention after he was arrested on July 29, 2023. But the time Medford spent in presentence detention in the '183 case was credited to his sentence in that case. That potentially triggers § 3585(b)'s bar on double credits.

But the application of that time to Medford's state sentence doesn't automatically bar its application to his federal sentence. The BOP has carved out two exceptions to the bar on double credits. *Blalock*, 2010 WL 2218190, at *4. These exceptions apply when a federal sentence is ordered to run concurrently with a state sentence that has already been credited with presentence detention time, but when the state credits won't benefit the federal prisoner because they won't shorten the overall time he spends incarcerated. *Id.* (citing *Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993) and *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971)). The Southern District of Illinois revoked Medford's supervised release and sentenced him to 12 months in prison, to be served concurrently to any sentence in the '183 case. So, the issue is whether either of these exceptions applies.

*Willis* time credits apply "if a prisoner's federal and state sentences are concurrent, and the federal sentence is to run longer than the state sentence (not counting any credits)." *Grigsby v. Bledsoe*, 223 F. App'x 486, 488 (7th Cir. 2007). According to respondent, the "raw expiration full term date" of Medford's sentence in the '183 case is November 13, 2025, but the raw expiration full term date of his federal sentence is October 30, 2024. Dkt. 12 ¶¶ 11–12. Put differently, not counting any credits, Medford's state sentence was ordered to run longer than his concurrent federal sentence. If respondent's calculation of the raw expiration full term dates of these sentences is correct, the *Willis* exception doesn't apply.

3

Medford contends that the raw expiration full term date of his sentence in the '183 case should not be based on the two-year sentence imposed in that case. *See* Dkt. 16 at 3. Rather, he contends that the raw expiration full term date of his sentence in the '183 case should be based on 50 percent of that sentence because the judgment provided that the sentence was to be served at 50 percent pursuant to 730 Ill. Comp. Stat. 5/3-6-3. *See id.* But respondent contends that the 50 percent refers to statutory sentence credit, and that this credit isn't guaranteed under Illinois law. Dkt. 19 at 4. Respondent explains that Illinois prisoners may lose statutory sentence credit for bad behavior. *Id.*; *see United States v. Maday*, 799 F.3d 776, 778 (7th Cir. 2015) ("Illinois law grants day-for-day credit against an Illinois prison sentence; so Maday (if he behaves himself in prison) will be eligible to complete his state sentence after 21 ½ years.")); *People v. Brown*, 2017 IL 121681,¶ 13 n.1 ("Section 3–6–3(a)(2.1) . . . allows defendants convicted of certain enumerated offenses to receive 'day-for-day' credit against their sentences, potentially allowing those defendants to serve only 50% of their sentence." (emphasis added)). This authority supports respondent's contention that how Illinois officials interpret that state's law to award potential sentence credits under 730 Ill. Comp. Stat. 5/3-6-3 is outside the BOP's control. *See* Dkt. 20 ¶¶ 3–4. Medford hasn't shown that the BOP inappropriately used the two-year sentence imposed in the '183 case to calculate the raw expiration full term date of November 13, 2025. Consequently, Medford hasn't shown that the *Willis* exception applies.

The *Kayfez* exception applies if: (1) the raw expiration full term date of the state sentence is later than the raw expiration full term date of the concurrent federal sentence; and (2) the raw expiration full term date of the state sentence, after applying qualified state presentence time, is earlier than the raw expiration full term date of the federal sentence.

*See Garris v. Warden Fairton FCI,* No. 23-2449, 2024 WL 3023180, at *2 (3d Cir. June 17, 2024); *Charles v. Martinez,* No. 07-cv-366-jcs, 2007 WL 5514093, at *1 (W.D. Wis. Sept. 6, 2007). Medford was arrested by Illinois authorities on July 29, 2023, and he was released to the U.S. Marshal on September 13, 2024. Once the BOP applied this presentence detention time, the raw expiration full term date of Medford's state sentence became September 28, 2025 (i.e., 46 days before November 13, 2025). But this date (September 28, 2025) is still later than the raw expiration full term date of Medford's federal sentence (October 30, 2024). Medford suggests that 108 days, not 46 days, should be applied to his state sentence. *See* Dkt. 16 at 3. But that date (July 28, 2025) would be later than October 30, 2024, as well. *Kayfez* doesn't apply.

## ORDER

IT IS ORDERED that:

1. Petitioner Scott Medford's petition, Dkt. 1, is DENIED in part as moot and otherwise DENIED.

2. The clerk is directed to enter judgment and mail petitioner copies of this order and the judgment.

Entered September 4, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge